NOT FOR PUBLICATION [12]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
NEW JERSEY DEPARTMENT OF            :
ENVIRONMENTAL PROTECTION,           :
THE ADMINISTRATOR OF THE NEW        :
JERSEY SPILL COMPENSATION FUND, :
:
       Plaintiffs,        :
: Civil No. 06-4025 (FLW)
       v.                 :
: **OPINION**
NESTLE USA, INC.                    :
:
       Defendant.         :
_____:

**WOLFSON, UNITED STATES DISTRICT JUDGE**

     Presently before the Court is a Motion by Plaintiffs, New Jersey Department of Environmental Protection ("NJDEP") and the Administrator of the New Jersey Spill Compensation Fund ("NJ Spill Administrator"), to remand this matter to the Superior Court of New Jersey, Law Division. Specifically, on July 20, 2006, Plaintiffs filed a Complaint in the Superior Court of New Jersey seeking reimbursement for cleanup and removal costs incurred as a result of the discharge of hazardous substances at the Nestle USA, Inc. ("Nestle") site in Monmouth County, New Jersey. On August 24, 2006, Nestle removed this matter to federal court on the basis of diversity of citizenship. Thereafter, Plaintiffs filed the instant Motion to Remand. The Court has considered the moving, opposition and reply papers and for the reasons

1

stated below, the Court will grant Plaintiff's Motion.

## I. BACKGROUND

This litigation arises out of the discharge of hazardous substances at the Nestle site in Monmouth County, New Jersey. Plaintiffs, the NJDEP and NJ Spill Administrator, filed a Complaint on July 20, 2006 in the Superior Court of New Jersey, Law Division, pursuant to the Spill Compensation and Control Act, N.J. Stat. Ann. 58:10-23.11 to 23.24 ("the Spill Act") and common law. Specifically, Plaintiffs' Complaint seeks reimbursement for cleanup and removal costs they have incurred and will incur as a result of the discharge. In addition, Plaintiffs seek damages for natural resources harmed as a result of the spill and seek to compel Nestle to perform or fund NJDEP's performing of further assessment and restoration of any natural resource that has been or may be harmed as a result of the spill.

On August 25, 2006, Nestle filed a Notice of Removal on the basis of diversity of citizenship pursuant to 28 U.S.C. §1332. Thereafter, on September 22, 2006, Plaintiffs filed the instant Motion to Remand to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c).

## II. DISCUSSION

In the instant matter, Plaintiff contends that diversity jurisdiction does not exist because the action is not between citizens of different states. Specifically, Plaintiff argues that although Nestle is a citizen of Delaware and California, NJDEP is not a citizen of New Jersey for the purpose of diversity. Thus, Plaintiff asserts that the action is not an action between citizens of different states, but an action between a state, New Jersey, and citizens of different states, and

2

therefore, that this Court does not have jurisdiction over this matter.

28 U.S.C. § 1332 provides, in relevant part, that federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States. . ." 28 U.S.C. § 1332.  However, "[t]here is no statute which authorizes the removal of a suit between a state and citizens on the ground of citizenship, for a state cannot, in the nature of things, be a citizen of any state." Stone v. State of South Carolina, 117 U.S. 430, 433 (1886).  Thus,  a suit between a state and a citizen of another state is not a suit between citizens of different states for purposes of diversity jurisdiction and federal courts have no jurisdiction over such matters unless they "arise[] under the Constitution, laws or treaties of the United States." State Highway Comm'n of Wyoming v. Utah Constr. Co., 278 U.S. 194, 200 (1929); see also Harris v. Pennsylvania Turnpike Commission, 410 F.2d 1332, 1333 n.1 (3d Cir. 1969) ("[s]ince neither a state nor its alter ego is a citizen for purposes of diversity jurisdiction, a suit between a state, or its alter ego, and a citizen of another state is not a suit between citizens of different states and diversity jurisdiction does not exist.").

To begin, the mere fact that a state, state agency or its officers have been named as parties "is not dispositive of this question because such a determination can only be derived from the 'essential nature and effect of the proceeding." Ramada Inns, Inc. v. Rosemount Memorial Park Association, 598 F.2d 1303, 1306 (3d Cir. 1979)(quoting Ford Motor Co v. Department of Treasury, 323 U.S. 459, 464 (1945)).  Here, New Jersey is not named as the Plaintiff in the

instant matter[1]; thus, the only issue before the Court is whether the NJDEP may be considered a citizen of the State of New Jersey or whether the NJDEP is an arm or alter ego of the state. If the NJDEP is an alter ego of the State of New Jersey, the state is the real party in interest and Plaintiffs' motion to remand must be granted. On the other hand, if NJDEP is considered a citizen of the state, diversity jurisdiction may be proper.

The Third Circuit has held that "[q]uestions regarding the citizenship of state agencies for purposes of diversity are unavoidably linked to questions of agency immunity under the Eleventh Amendment. Despite the differing policies underlying the two inquiries, they are almost identical." Pennsylvania Human Relations Commission, v. USAir, 615 F. Supp. 75, 77 (W.D.Pa. 1985); see also Blake v. Kline, 612 F.2d 718, 726-727 (3d Cir. 1979). Thus, in analyzing the citizenship status of a state agency, courts consider various factors including: the possibility that state resources may be used to satisfy a judgment against the agency[2]; the degree of agency autonomy and the extent of the state's interest in the outcome. Pennsylvania Human Relations Commission, 615 F. Supp.at 77. In light of the above precedent, Plaintiffs argue that New Jersey is the real party in interest in this matter, thus there is no diversity of citizenship. Defendants, on the other hand, contend that Plaintiffs have not established that New Jersey is the real party in interest in this action. The Court does not agree.

Plaintiffs in the instant action are comprised of the NJDEP and the NJ Spill

---

[1] Indeed, the Court notes that had the "State of New Jersey" been named as the Plaintiff, the disposition of this motion would have been simplified and this discussion would be unnecessary. See, e.g., Harvey v. Blockbuster, Inc., 384 F.Supp. 2d 749, 755 n.5 (D.N.J. 2005).

[2] The Court notes, however, that the first factor is not helpful in this analysis because it is more suited to litigation in which an agency is a defendant in an action.

4

Administrator.  NJDEP is a principal department within the Executive Branch of the State government and is vested with authority to conserve and protect natural resources, prevent pollution and protect the public health and safety.  N.J. Stat. Ann. 13:1D-9.  Moreover, the Spill Administrator is the chief executive officer of the New Jersey Spill Compensation Fund and is authorized to "represent the State" in meetings with alleged dischargers, and to approve and pay cleanup and removal costs incurred by the DEP. N.J. Stat. Ann. 58:10-23.11(b) & (j).  Based on their statutory duties, the Court finds that both NJDEP and the Spill Administrator perform essential government functions carried out on behalf of the State for the ultimate benefit of New Jersey's citizens. See Befitel v. Global Horizons, Inc., 461 F.Supp. 2d 1218, 1225 (D. Hawaii 2006).

  Moreover, New Jersey has a significant interest in this matter; here, the State's interest is nothing less than the protection of New Jersey's groundwater from hazardous spills.  Indeed, the Plaintiffs in this matter seek damages to pay for the rehabilitation and restoration of the State's natural resources that were injured as a result of a discharge at Defendant's plant.  Moreover, the Plaintiffs have vigorously pursued the state's interest by initiating and pursuing this litigation.  Finally, the Court notes that the state's interest in this matter is not a general desire to secure compliance with state laws, see Ramada Inns., Inc., 598 F.2d at 1307, but, as discussed above, a specific interest to protect and rehabilitate the State's groundwater and natural resources.  Based on the essential functions of the NJDEP and the NJ Spill Administrator and because of the significant state interest implicated in the underlying dispute, the Court finds that New Jersey is the real party in interest in this matter.  Since the State is a party to this litigation, there is no diversity between the parties for purposes of federal jursidiction.  Thus, removal was improper

and I will grant Plaintiff's motion and remand this matter to the Superior Court of New Jersey.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is GRANTED. An appropriate Order shall follow.


Dated: March 2, 2007                                          /s/ Freda L. Wolfson
                                                              Honorable Freda L. Wolfson
                                                              United States District Judge